# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATHANAEL MARTIN

    Plaintiff,

vs.

CLARK COUNTY DETENTION
CENTER KITCHEN, et al.,

    Defendants.

Case No. 2:13-cv-00810-JCM-CWH

**ORDER**

    Plaintiff, who is a prisoner in custody at the Clark County Detention Center, has submitted an application to proceed in forma pauperis (Doc. #1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2). The court has reviewed the complaint, and plaintiff will need to file an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

At all relevant times, plaintiff was in custody at the Clark County Detention Center. It is unclear whether he was a pre-trial detainee or a convicted prisoner.

In count 1, plaintiff alleges that he found a hair in his food tray about halfway through his meal on April 4, 2013. He stopped eating, asked for a new tray, and was refused. "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff has not alleged that he suffered any cognizable injury from the hair in his food tray. Count 1 as currently alleged fails to state a claim upon which relief can be granted.

In count 2, plaintiff alleges that he did not have a shower between the evening of April 3, 2013, and the middle of the day on April 7, 2013. Although a lack of hygiene can violate the Constitution, a deprivation for as short a time as plaintiff alleges does not amount to a violation. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). Plaintiff has not alleged that he suffered any consequences from the lack of a shower. Count 2 as currently alleged fails to state a claim upon which relief can be granted.

In count 3, plaintiff alleges that he filed grievances about the hair in his food tray and never received a satisfactory response. Plaintiff has no constitutional right to an effective jail grievance system. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order). Count 3 fails to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (Doc. #1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (inmate #2691518), in months that the account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action. If plaintiff should be transferred and into the care of the Nevada Department of Corrections, the accounting supervisor of the Clark County Detention Center is directed to send a copy of this order to the attention of the chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward the filing fee, so that funds may continue to be deducted from plaintiff's account. The clerk shall send a copy of this order to the accounting supervisor of the Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

///
///
///

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-00810-JCM-CWH, above the word "AMENDED."

DATED November 13, 2013.

_____
JAMES C. MAHAN
United States District Judge